BRIDGES, P.J.,
for the Court.
¶ 1. On February 18, 2000, Alpha Janitorial & Paper Company filed suit against Bobby Crawford and Crawford Nursing Home (CNH), in the County Court of the First Judicial District of Hinds County, Mississippi. On March 22, 2000, Crawford answered, denied liability, and filed an unsuccessful motion to dismiss. After the trial, the jury found in Alpha’s favor and assessed damages at $7,221.71. Posttrial, Crawford filed a motion for judgment notwithstanding the verdict and a motion for a new trial. On April 2, 2001, the county court granted Crawford’s motion for judgment notwithstanding the verdict. Alpha filed a motion for a new trial on April 9, 2001, but the county court denied that motion. On September 13, 2001, the county court entered its final order of dismissal. Alpha appealed to the Hinds County Circuit Court. The circuit court affirmed the county court’s decision to grant Crawford’s motion for judgment notwithstand *549 ing the verdict. Aggrieved, Alpha appeals and raises the following issue:
I. WHETHER THE TRIAL COURT ERRED IN GRANTING CRAWFORD’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT
FACTS
¶ 2. Crawford operated CNH between 1969 and December 31, 1994. At that time, he leased the facility to Southern Health Enterprises, Inc. and Roger Jacobson, the president of Southern Health. Southern Health’s lease agreement provided that “[Crawford] shall have no management or operational responsibility whatsoever with respect to [CNH] except as herein agreed.” The lease agreement also stated that Southern Health “shall secure and maintain separate supply accounts.”
¶ 3. In 1998, Alpha began selling supplies to CNH, then leased by Southern Health. Charles Morman, an agent and salesman for Alpha, filled orders placed by CNH employees. All the delivery tickets and invoices were in the name of “Crawford Nursing Home.” However, CNH did not pay its bills from July to October of 1999. Southern Health lost its license on October 29, 1999 and later went out of business. Alpha sued Crawford to recover CNH’s unpaid balance of $7,221.71.
STANDARD OF REVIEW
¶ 4. When reviewing a trial court’s decision regarding a motion for judgment notwithstanding the verdict, this Court considers the evidence in the light most favorable to the non-moving party, giving that party the benefit of all favorable inferences that may be reasonably drawn from the evidence, and considering any uncon-tradicted evidence offered by the moving party. Wilson v. GMAC, 883 So.2d 56(¶ 21) (Miss.2004). If the facts are so overwhelmingly in favor of the appellant that a reasonable juror could not have arrived at a contrary verdict, this Court must reverse and render. Id. at (¶ 22). However, if substantial evidence exists in support of the verdict, this Court must affirm. Id. at (¶ 23).
ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN GRANTING CRAWFORD’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 5. A motion for JNOV requires the trial court to test the legal sufficiency of the evidence supporting the verdict, not the weight of the evidence. Tharp v. Bunge Corp., 641 So.2d 20, 23 (Miss.1994). Once a jury has returned a verdict in a civil case, a trial court is not at liberty to direct that the judgment be entered contrary to that verdict short of a conclusion by the trial court that, given the evidence as a whole and taken in the light most favorable to the verdict, no reasonable, hypothetical juror could have found as the jury found. Starcher v. Byrne, 687 So.2d 737, 739 (Miss.1997). When it is clear that the jury decided issues in a case with total disregard for the conclusions that were mandated by the overwhelming evidence, a trial court has the authority to set aside an unjust verdict. Booker ex. Rel Certain Underwriters at Lloyd’s of London v. Pettey, 770 So.2d 39(¶ 11) (Miss.2000).
¶ 6. Alpha claims that the trial court applied the wrong standard when it granted Crawford’s motion for JNOV. According to Alpha, the trial court improperly substituted its opinion of the weight of evidence for that of the jury’s. Alpha argues that Crawford is liable for the debts in question based on his agency relationship with Southern Health. That is, *550 Alpha claims that the CNH employees who placed the orders to Alpha, appeared to be employees of Crawford. Alpha points to Mormon’s testimony that Jacobson appeared to be Crawford’s managing agent or employee.
¶ 7. Southern Health paid on CNH’s account with Alpha for approximately six months before CNH defaulted. Jacobson signed those checks. Alpha presented no evidence of an agency relationship between Crawford and Southern Health. The record contains substantial evidence demonstrating that Jacobson and Southern Health owned CNH when Alpha sold supplies to CNH. There is no evidence in the record indicating Crawford owned or managed CNH from July to October of 1999. Theresa Berrong, CNH’s bookkeeper during that time, testified that Jacobson operated CNH and authorized payment of all bills and other debt between July and October of 1999. Berrong also testified that Jacobson paid Crawford, the landlord, a lease payment each month. Further, the lease agreement between Crawford and Jacobson provided that “the receipt by [Crawford] of rents hereunder shall not be deemed to create a partnership or joint venture between [Crawford] and [Southern Health], nor shall [Crawford] be liable for any debts incurred by [Southern Health] on the conduct of its business.... ”
¶ 8. Accordingly, we find that no reasonable person could have reached a verdict in favor of Alpha in the face of such substantial evidence to the contrary. The trial court correctly granted Crawford’s motion for judgment notwithstanding the verdict. We affirm.
¶ 9. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.